UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-1501 |
| TAHOE INVESTMENTS, LLC DBA MR. BINKYS #3, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Defendant Tahoe Investments, LLC DBA Mr. Binkys #3 ("Tahoe") moves the Court to consolidate this declaratory judgment action with Civil Action 25-1252 under Federal Rule of Civil Procedure 42(a).[1] Jenna Combel, who is the plaintiff in the underlying action and defendant in this declaratory judgment action, did not oppose consolidation for discovery but opposed consolidation for trial.[2] Plaintiffs United Specialty Insurance Company and Century Surety Company did not file any response. For the following reasons, the Court consolidates the cases for pre-trial matters and discovery only.

---

[1]   R. Doc. 22.
[2]   R. Doc. 25.

1

## I. BACKGROUND

Combel filed suit in state court for bodily injuries under the Louisiana Products Liability Act against Tahoe and twenty other defendants whom she alleged are distributors or manufacturers of nitrous oxide.[3] Combel then amended her petition to assert class allegations.[4] One defendant removed the case to this Court under Class Action Fairness Act jurisdiction.[5] It is pending before the Court as Civil Action 25-1252.[6]

United Specialty Insurance Company and Century Surety Company filed this action seeking a determination that they have no duty to defend or indemnify Tahoe against the claims Combel asserts in the underlying action.[7] Tahoe now moves for the declaratory judgment action to be consolidated with the underlying personal injury action under Federal Rule of Civil Procedure 42(a).[8] The Court considers the motion below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court

---

[3]   R. Doc. 22-1, at 1.
[4]   *Id.*
[5]   *Id.* at 2.
[6]   *Id.*
[7]   *Id.*
[8]   *Id.* at 1.

may . . . consolidate the actions." Accordingly, the mechanism should be used to "eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citing *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Further, trial courts are afforded broad discretion in deciding whether to consolidate cases. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985); *see also Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that involve a common question of law or fact.").

In determining whether consolidation is appropriate, district courts consider: (1) the extent of commonality of factual and legal issues, evidence, and witnesses; (2) the risk of inconsistent adjudications absent joint trial; (3) the relative burden on the parties, witnesses, and judicial resources; (4) the relative advantage in savings of time and expense by reducing the number of trials; (5) the risk of prejudice and jury confusion; and (6) the possibility to control for prejudice and jury confusion with proper jury instructions and manner in which the claims are submitted for deliberation. *See, e.g.*, *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (affirming consolidated trials of four personal injury actions involving common factual and legal issues); *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir.

2017) (same); *see also* Order Re Trial Structure & Motions in Limine, *In re HIV Antitrust Litig.*, No. 3:19-CV-2573 (N.D. Cal. Mar. 19, 2023), ECF No. 1716, https://ecf.cand.uscourts.gov/doc1/035122945725 (noting unfair prejudice can be avoided in single trial of related plaintiffs' claims by appropriate jury instructions that highlight that plaintiffs have different claims governed by different law on damages).

### III. DISCUSSION

The Court consolidates the actions for pre-trial matters and discovery. Several factors support this decision. The two cases share common questions of fact, such as where Combel inhaled the substances at issue. The actions are both pending before this Section of the Eastern District of Louisiana. The declaratory-action defendants are parties to the personal-injury suit. Consolidation will conserve judicial resources and reduce the time for resolving the cases.

The Court does not consolidate the actions for trial because of the risk of jury confusion. The Court finds that resolving the claims in the declaratory judgment action and in the underlying personal injury action will turn on different factual questions and legal analysis. *See, e.g.*, *Lancer Ins. Co. v. Hitts*, 2010 WL 2867836, at *4 (M.D. Ga. Jul. 20, 2010) (declining to consolidate a personal injury suit and an insurer's declaratory judgment suit

because the suits turned on different law and claims); *Fryer v. Umia*, 2025 WL 2552556 at *1 (D. Mont. Jan. 21, 2025) (same); *see also Allstate Ins. Co. v. Scarbrough*, 2016 WL 10588007, at *3 (N.D. Miss. Dec. 15, 2016) (ordering separate trials of an insurance coverage claim and tort liability claim); *Johnson v. Great Am. Ins. Co.*, 213 F. Supp. 2d 657, 661 n.4 (S.D. Miss. 2001) (same). The declaratory judgment action is at its core a contract dispute. It will require the jury to determine whether the products at issue satisfy the policy definition of "psychotropic substances," whether the alleged injuries occurred on a premises the contract governed, and whether the insured is liable as a "video store."[9] By contrast, the personal injury action is a suit under the Louisiana Products Liability Act that will require no such factual determinations and instead will require the jury to hear evidence on product-design warnings, causation, and damages.[10]  The Court finds that considering the cases together would likely generate jury confusion. The Court thus denies the motion to consolidate insofar as it sought consolidation for trial.

---

9    R. Doc. 31 at 3-4.
10    *Id.* at 3.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that this case be consolidated with *Combel v. Great International Supply Chain Management Company, Ltd.*, 25-1252 (E.D. La., filed June 18, 2025) for pre-trial and discovery.

All pleadings hereafter filed in this consolidated proceeding shall bear the caption of the lead consolidated case together with the docket number of all cases within the consolidation to which the document applies or the notation "ALL CASES" if it applies to all cases.

The Clerk of Court is directed to establish a master file and a master docket sheet for the consolidated group of cases.

All entries shall be made on the master docket sheet only, with a notation listing the cases to which the document applies, except that orders and documents terminating a party or disposing of a case will also be entered on the individual docket sheet.  All documents shall be filed in the master file only, except that orders and documents terminating a party or disposing of a case will also be filed in the record of the individual case.

When the case is later de-consolidated for trial, counsel must jointly designate the documents in the master record necessary to the continued

litigation of the separated case and file such designation with the clerk within seven days of the de-consolidation order.

The Court shall issue an Amended Scheduling Order applicable to the consolidated matter.

New Orleans, Louisiana, this __9th__ day of March, 2026.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE